[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action pro se seeking money damages from the defendant police officer. The plaintiff characterizes claim as one for false arrest. The defendant has moved for summary judgment contending that the plaintiff's conviction on the charge for which he was arrested bars his recovery for false arrest.
The material facts are not in dispute. The plaintiff was arrested on March 2, 1994 by the defendant and charged with assault in the third degree. After a jury trial, the plaintiff was convicted as charged and then sentenced to a period of incarceration. The plaintiff appealed his conviction, but the CT Page 13621 Appellate Court upheld the conviction. State v. Martinelli,43 Conn. App. 901 (1996), cert. denied, 239 Conn. 952 (1996).
False arrest is a generic term used to identify the legal actions of false arrest, false imprisonment, and malicious prosecution. State v. Cutler, 33 Conn. Sup. 158 (1976). A claim of false arrest is a claim that the arrest was made without probable cause. Pouncey v. Ryan, 396 F. Sup. 126, 127
(D.C. Conn. 1975). When the plaintiff is convicted of the crime charged, he/she is not permitted to challenge the existence of probable cause. Id. The conviction is conclusive proof of probable cause that will defeat any claim of false arrest.Konon v. Fornal, 612 F. Sup. 68, 71 (D.C. Conn. 1985).
There is no genuine issue of fact and the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is granted.
VERTEFEUILLE, J.